IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THERESE C'DeBACA,

    Plaintiff,

v.  No. CV 09-0579 WPL

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**ORDER**

This matter is before me on a Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and a response thereto. For the reasons explained below, I will grant the motion.

**PROCEDURAL BACKGROUND**

Therese C'DeBaca filed a claim for disability insurance benefits in 2003. (Doc. 22 at 1.) Over the course of approximately six years, her claim was ultimately denied at all administrative levels. Counsel for C'DeBaca, the Martone Law Firm ("the Law Firm"), contends that this period was "replete with delays caused by the Social Security Administration" (*id.*), and the Commissioner for Social Security ("Commissioner") has not contested this statement. After an administrative law judge ("ALJ") denied her claim in a decision issued on February 9, 2005 (*id.* Ex. 1 at 4), C'DeBaca's appeal to the Appeals Council persisted for two years before the Council remanded back to the ALJ. (*Id.* at 1.) An ALJ held a second hearing in August of 2007 and denied C'Debaca's claim again in a decision issued on December 12, 2008. (*Id.* at 1-2, Ex. 1 at 4.)

After an unsuccessful second appeal to the Appeals Council, C'DeBaca brought an action for judicial review on June 10, 2009. (Doc. 1.) Upon an unopposed motion filed by the Commissioner on August 17, 2009, I remanded the case for further administrative proceedings

because the Commissioner could not locate several exhibits from the administrative record.  (Doc. 12.)  After a third hearing before an ALJ on July 28, 2010, C'DeBaca received a fully favorable decision on August 6, 2010.  (*See* Doc. 22 at 2 & Ex. 1.)  The ALJ determined that C'DeBaca had been disabled since September of 2002.  (*Id.* Ex. 1 at 4.)

Upon C'DeBaca's unopposed motion, I entered a final judgment for C'DeBaca.  (Doc. 17.)  Upon another unopposed motion, I also granted C'DeBaca $2,451.05 in attorney fees and $367.30 for costs under the Equal Access to Justice Act ("EAJA").  (Doc. 21.)  The Law Firm then filed the motion for attorney's fees that is presently before me.[1]  (Doc. 22.)

The Law Firm seeks an award of $6,500.00 for legal services rendered to C'DeBaca in this Court.  (*Id.* at 3.)  By a Notice of Award dated August 22, 2010, the Social Security Administration informed C'DeBaca that it had withheld $27,356.12 from her past-due benefits.  (*Id.* Ex. 2 at 3.)  The Notice says that the Administration "usually [withholds] 25 percent of past due benefits in order to pay the approved lawyer's fee," but it does not otherwise indicate what C'DeBaca's total past-due benefits are or if $27,356.12 is actually 25 percent of the total.  (*Id.*)  However, the Law Firm has filed a supplement to its motion that includes an email exchange, in which a Social Security employee indicates that C'DeBaca's total past-due benefits are in fact $109,424.50, four times the withholdings.  (Doc. 23, Ex. 1.)  The supplement also indicates that an ALJ has approved the Law Firm's fee petition for $6,839.08, for work performed before the Administration.  (*Id.* at 2)

The Commissioner takes no position regarding the motion, because he is not the real party

---

[1] Although the motion has purportedly been brought on C'DeBaca's behalf, the Law Firm is the real party in interest.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

in interest.[2] (Doc. 24 at 1; Doc. 22 at 7.) Although the Commissioner has filed a response (Doc. 24), he does not dispute any of the Law Firm's factual allegations.

## LEGAL STANDARDS

Attorney's fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the Administration and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b).

For representation before the Administration, the statute permits an attorney to file a fee petition or a fee agreement with the agency "whenever the Commissioner . . . makes a determination favorable to the claimant . . . ." 42 U.S.C. § 406(a). There is no express limit to the fees an attorney may seek and receive in a petition; the Commissioner must only "fix . . . a reasonable fee," *id.*, while considering several factors. *See* 20 CFR § 404.1725(b) (2001) (outlining the factors); *also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (explaining the fee petition process). For fees received pursuant to a fee agreement for work before the Administration, attorneys may currently receive a maximum award of the lesser of $6,000 or 25 percent of the past-due benefits. 42 U.S.C. § 406(a)(2)(A).[3]

For representation in court, courts may award fees under § 406(b) when, as in this case, "the

---

[2] The Commissioner declines to take a position because he has no direct financial stake in the matter. *See Gisbrecht*, 535 U.S. at 798 n.6 (2002) (stating that the Commissioner's role in the fee determination resembles that of a trustee for the claimant).

[3] The Commissioner has the authority to increase the maximum amount of attorney fees under this subsection. *See* 42 U.S.C. § 406(a)(2)(A). The initial maximum amount was $4,000, as set in 1990, and the statute still provides this figure. *Id.* However, effective June 22, 2009 the Commissioner increased the amount to $6,000. Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080-02 (Feb. 4, 2009). Before that date, the maximum amount had been $5,300 since February 1, 2002, when it was increased from $4,000. Maximum Dollar Limit in the Fee Agreement Process, 67 Fed. Reg. 2477-01 (Jan. 17, 2002).

court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25 percent of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Contrary to previous assumptions of this Court, the Tenth Circuit has recently held that separate awards of attorney fees for representation before the Administration and in court are not limited to an aggregate of 25 percent of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008). However, if fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 & n.2 (10th Cir. 2006).

Although § 406(b) permits contingency fee agreements, it requires the court to act as "an independent check" to ensure that fees awarded under them are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they would provide for fees exceeding 25 percent of past-due benefits, but fees may be unreasonable even if they fall below 25 percent of past-due benefits. *Id.* There is no presumption that fees equating to 25 percent of past-due benefits are reasonable. *Id.* at 807 & n.17. The attorney seeking fees has the burden of demonstrating the reasonableness of the fee. *Id.* at 807 n.17.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. If the attorney is responsible for delay, the fee may be reduced so the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id.* Such a reduction also protects the claimant, because fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Id.* at 808. A court may require the claimant's attorney to submit a record of the hours spent

representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

## REASONABLENESS DETERMINATION

The Law Firm has a contingency fee agreement with C'DeBaca that entitles it to 25 percent of disability insurance past-due benefits, for legal services performed by the Law Firm in federal court. (Doc. 22, Ex. 3.)[4] Despite the agreement, though, the Law Firm has asked for $6,500.00 in fees under 42 U.S.C. § 406(b), which equates to only 5.9 percent of C'Debaca's past-due benefits. This is well within the statutory cap of 25 percent of past-due benefits.

There is no evidence before me that indicates that the Law Firm delayed the progression of this case. Although C'DeBaca's claim lingered before the Administration for roughly six years before C'DeBaca could bring an action for judicial review, the Commissioner has not argued or demonstrated that the Law Firm was responsible for this delay. Before this Court, the Law Firm sought no extensions and filed its motion for fees under § 406(b) on October 29, 2010, after receiving C'DeBaca's Notice of Award on August 22, 2010. (Doc. 22 & Ex. 2.) As mentioned, this

---

[4] The contingency fee agreement provided by the Law Firm appears to be almost identical to a fee agreement that the Law Firm submitted in another case before this district several years ago. *See Vento v. Astrue*, No. CV-04-0741 LFG (D.N.M. Nov. 26, 2007), Doc. 24, Ex. C, D. The Commissioner argued in that case that the language of the fee agreement limited the Law Firm to a maximum of $5,300.00 in fees received under 42 U.S.C. § 406(b), rather than 25 percent of the past-due benefits. *Id.* at Doc. 28, 2-3. Although Judge Garcia ultimately found for the Law Firm in this dispute, I agree with his assessment that "taken together, the Fee Agreement and the Addendum could be confusing to a client." *Id.* at 3. Acknowledging that the Law Firm may have modified its fee agreement since 2002 or Judge Garcia's order, I join Judge Garcia's suggestion that "that a simpler, more logically organized  version of the firm's standard fee agreement would provide greater clarity to clients in connection with their fee obligations and would reduce the need for Court involvement in interpreting such agreements." *Id.* at 3-4.

Notice of Award did not provide an actual figure for C'DeBaca's total past-due benefits, which would understandably delay a § 406(b) fee request. (*Id.* Ex. 2 at 3.) Therefore, I also find that the Law Firm made its fee request within a reasonable time. *See McGraw*, 450 F.3d at 505.

The biggest hurdle to granting the Law Firm's motion in full is the fact that the requested fees are large in comparison to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808. Attorney Gary Martone has provided an affidavit showing that the Law Firm expended 11.45 hours of lawyer time and 2.35 hours of legal assistant time on the court proceedings in this case. (Doc. 22, Ex. 4 at 4.) By these numbers, the requested fee ($6,500.00) amounts to $471 per hour for work performed by the Law Firm as a whole, and to $568 per hour if only attorney time is considered.

Although these hourly rates would be unacceptably steep in most areas of legal practice, there are several reasons why they are not unreasonable given the nature of the work here. First, the requested fee is within the range of other past awards in this district. In one previous case Judge Smith approved a fee for the Law Firm, over the Commissioner's objection, in the amount of $7,499.65 for 14.6 hours of work, resulting in an hourly rate of $510.25. *See Faircloth v. Barnhart*, 398 F.Supp.2d 1169, 1171, 1174 (D.N.M. 2005). Judge Smith compiled data from twenty-eight prior cases before the District of New Mexico and noted one where fees awarded pursuant to § 406(b) amounted to $701.75 per hour. *Id.* at 1174 (citing *Montes v. Barnhart*, No. CV-01-578 BB/KBM (D.N.M. Dec. 3, 2004), Doc. 22). In another case, fees awarded pursuant to § 406(b) amounted to $564.97 per hour. *Id.* at 1175 (citing *Marquez v. Branhart*, No. CV-02-0951 RHS (D.N.M. Dec. 13, 2004), Doc. 33). In other recent cases in this district, attorneys have received fees equating to $516.60 per hour, *Ferguson v. Barnhart*, No. CV-02-0823 KBM (D.N.M. May 31, 2006), Doc. 29, $525 per hour, *Chavez v. Barnhart*, No. CV-04-0570 RLP (D.N.M. Oct. 16, 2007), Doc. 33, and $559.44 per hour. *Jiron v. Astrue*, No. CV-06-0062 RLP (D.N.M. Sep. 28, 2007), Doc.

24.

Judge Smith noted that the Law Firm undertakes a significant risk in representing social security claimants on a contingency basis because only 35 percent of claimants who seek judicial review eventually obtain benefits. *Faircloth*, 398 F.Supp.2d at 1173. The Law Firm does not charge an hourly rate (Doc. 22, Ex. 4 at 2), and so its compensation is entirely dependent on the success of the cases that it undertakes. *Ferguson*, No. CV-02-823 KBM, Doc. 29 at 3 (noting the same). When the risk of loss is considered, "an amount that would seem untenable in an hourly rate arena suddenly becomes more palatable." *Faircloth*, 398 F.Supp.2d at 1174 (internal quotation marks omitted).

Additionally, Judge Smith noted the Law Firm's expertise in Social Security litigation and how "[t]his vast amount of experience and skill decreases the necessary hours these attorneys must expend in an area that is highly repetitive . . . ." *Id.* at 1172. I have previously noted my familiarity with the Law Firm's proficiency in this area of law, *see Quintana v. Barnhart*, No. CV-05-1348 WPL (D.N.M. Nov. 17, 2008), Doc. 27 at 4 (later withdrawn as moot), and I share Judge Smith's unwillingness to "penalize . . . attorneys for representing their client more efficiently than a less experienced attorney might." *Faircloth*, 398 F.Supp.2d at 1174.

In light of these considerations, I find that the Law Firm's § 406(b) fee request is reasonable in respect to the amount of time spent on the case. I also find that the request is appropriately reduced in light of the large past-due benefits ($109,424.50) in this case. In his analysis Judge Smith noted that when past-due benefits were above $56,000, as is the case here, attorneys almost always asked for fees under § 406(b) that, when combined with § 406(a) fees, were less than 25 percent of the past-due benefits. *Faircloth*, 398 F.Supp.2d at 1173, 1175-76. Here, the Law Firm's fee petition award of $6,839.08 under § 406(a) and its fee request under § 406(b) together equate to 12.2 percent

7

of C'DeBaca's past-due benefits. As mentioned, the Law Firm's § 406(b) fee request alone constitutes 5.9 percent of C'DeBaca's past-due benefits. I find that this reduced request is reasonable.

## CONCLUSION

For the foregoing reasons, the Law Firm's Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) in the amount of $6,500.00 is GRANTED. As the Law Firm acknowledges, it must remit the EAJA fees of $2,451.05 to C'DeBaca.

IT IS SO ORDERED.

                                              WILLIAM P. LYNCH
                                              UNITED STATES MAGISTRATE JUDGE